UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME RIDDICK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:19-cv-177 (SRU) |
| | : | |
| CRAIG BURNS, et al., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

On February 6, 2019, Jerome Riddick, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against four Connecticut Department of Correction ("DOC") officials: Craig Burns, Warden Nick Rodriguez, Warden William Mulligan, and District Administrator Edward Maldonado. Compl., Doc. No. 1. Riddick claims that the defendants violated his Eighth Amendment protection against cruel and unusual punishment by subjecting him to unnecessarily restrictive conditions of confinement over the past four years, despite his mental illnesses. For the following reasons, the complaint is dismissed without prejudice.

I.     Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544,

555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Analysis

Riddick claims that the defendants have continuously subjected him to unnecessarily restrictive confinement conditions by depriving him of his personal property, placing him in punitive segregation at various times, issuing misconduct reports against him, denying him telephone, commissary and recreation privileges, and/or subjecting him to "physical and psychological torture." Compl., Doc. No. 1 at 2-7. These conditions have caused Riddick to engage in acts of self-harm such as banging his head against the cell door. *Id.* at 4. Riddick alleges that this misconduct has been ongoing since February 2015. *Id.* at 5. His complaint, however, is factually overbroad and does not provide the defendants fair notice of his claim(s). Further, Riddick has another case already pending in this court that involves very similar allegations and legal claims.

First, the complaint consists of generalized allegations that cover a four-year period, during which Riddick was confined at different correctional facilities and subjected to different confinement conditions. *See* Compl., Doc. No. 1. Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint

2

"must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]" *Ricciutti v. N.Y.C. Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The complaint here is much too overbroad to satisfy Rule 8, and, further, it does not provide the defendants with fair notice of Riddick's Eighth Amendment claims. It is unclear how each defendant was personally involved, or when and where the restrictive confinement conditions and/or deprivations occurred. The defendants cannot be expected to defend Riddick's general claims of unconstitutional conditions of confinement, which allegedly took place over a four-year period at different locations. Therefore, the complaint is subject to dismissal for failure to comply with Rule 8.

Second, the complaint is also subject to dismissal under the prior pending action doctrine, which provides that where two lawsuits with the same claims are filed in the same court, "the first suit [filed] should have priority." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *see also Webb v. Arnone*, 2018 WL 3651333, at *4 (D. Conn. Aug. 1, 2018). "In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit, unless there are special circumstances … that favor giving priority to the second." *Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001).

The allegations in this complaint resemble many of the same allegations and legal claims Riddick previously made in *Al-Bukhari v. Semple*, No. 3:15-cv-322 (SRU). That case involves constitutional claims regarding Riddick's placement in administrative segregation or other restrictive confinement and denial of mental health treatment at various facilities from March 2014 to August 2017. *See Al-Bukhari v. Semple*, Case No. 15-cv-322, Order, Doc. No. 111. Most of the facts alleged in this case, which concern confinement conditions dating back to

February 2015, clearly fall within the time period covered by *Al-Bukhari*, No. 3:15-cv-322. Thus, this case appears duplicative of the prior pending civil action.

**ORDERS**

The case is dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and because it is barred by the prior pending action doctrine. To the extent Riddick can comply with Rule 8 and allege facts that would differentiate this case from *Al-Bukhari*, No. 3:15-cv-322, he may file an amended complaint within forty-five (45) days from the date of this Order. The amended complaint must be limited to events that occurred after August of 2017 and allege specific facts (not just legal arguments) showing how each defendant was personally involved in the constitutional deprivations. Failure to file an amended complaint that complies with those instructions within forty-five (45) days from the date of this Order will result in the dismissal of this action with prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge